# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Carol Nachbar, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Allison Miller, *et al.*, )<br>)<br>Defendants. ) | Civil Action Number<br>12-03479-CV-S-RTD |

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court on a referral made pursuant to 28 U.S.C. § 636(b)(1), (3), is a motion for sanctions filed by *pro se* plaintiff Carol Nachbar ("Nachbar") against the attorneys representing some of the named defendants.[1] According to Nachbar's pleadings:

(1) defense counsel has referred to Nachbar as a "slum landlord" and told her that she would be "ripped apart" in court;

(2) certain requests for documents from governmental entities under the Missouri Sunshine Law may have been delayed by defense counsel;

(3) during Nachbar's deposition, defense counsel refused to permit Nachbar to elaborate in response to certain questions;

(4) defense counsel has threatened Nachbar with a motion for sanctions; and

(5) defense counsel has generally subjected Nachbar to "constant harassment and intimidation."[2]

As a sanction for the alleged conduct, Nachbar seeks a dismissal of the counterclaim filed herein by the defendants.

---

[1] Patricia Keck of the Springfield, Missouri law firm of Keck & Austin, L.L.C.

[2] Defense counsel strenuously denies all of the allegations.

The Federal Rules of Civil Procedure provide a federal court with authority to sanction a party for not obeying a discovery order [FED. R. CIV. P. 37(b)(2)(A)], for not producing a person for examination [FED. R. CIV. P. 37(b)(2)(B)], for failing to disclose or supplement as required by Rule 26 [FED. R. CIV. P. 37(c)(1)], for failing to admit a request for admission under Rule 36 [FED. R. CIV. P. 37(c)(2)], for failing to attend a deposition, answer interrogatories or document requests under Rules 30, 33, and 34 [FED. R. CIV. P. 37(d)], for failing to provide electronically-stored information [FED. R. CIV. P. 37(e)], and for failing to participate in the framing a discovery plan [FED. R. CIV. P. 37(f)]. In addition to the forgoing, FED. R. CIV. P. 11(c) authorizes a court to sanction a party for filing frivolous or harassing pleadings. Even momentarily accepting Nachbar's allegations as true, the Court finds that they do not fall within the purview of coverage under either Rule 11 or Rule 37.

However, even beyond the explicit coverage contained in the Federal Rules of Civil Procedure, it is well settled that federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them, including licensed attorneys. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, (1991). However, because of their potency, such "inherent powers" must be exercised with restraint and discretion. *Id*. at 44, 111 S.Ct. at 2132. To that end, courts have found that because dismissal "is the most severe sanction a court can levy" in litigation:

> It is justified under a court's inherent power in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the integrity of the court's order.

*Maldonado v. New Jersey ex rel. Administrative Office of Courts-Probation Division*. 225 F.R.D. 120, 133 (D.N.J. 2004). *See also Parker v. Pepsi-Cola General Bottlers, Inc.*, 249 F.Supp.2d 1006, 1012 (N.D.Ill. 2003) (dismissal as "a sanction should usually be employed only in extreme

situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing"). In this case, even assuming that the allegations asserted by Nachbar are true,[3] they do not rise to the level of extremity so as to warrant a dismissal of the counterclaim filed by the defendants.

This is not to suggest that the Court would approve of the alleged conduct if, in fact, it did occur. The Court rightfully expects attorneys and parties (including parties appearing *pro se*) to treat each other with courtesy, respect, and honesty. To the extent that has not been the case in this litigation to date, that conduct needs to change or the Court will consider remedies.

The Court next addresses three other motions filed by Nachbar herein. First, Nachbar in Doc. 44 seeks a motion to compel defense counsel to disclose the jury trial setting upon which defense counsel relied upon to obtain an extension of time with this Court. In responding to the motion, defense counsel provided the sought-after information. Consequently, the Court denies the motion to disclose as moot.

Secondly, Nachbar moves in Doc. 45 to amend by interlineation the wording of her Interrogatory No. 13 served on the defendants, changing the name of the subject deputy from "Love" to "Dove." This motion is granted.

Thirdly, in Doc. 49, Nachbar seeks an order compelling more complete answers to her interrogatories and requests for production (or in some cases actual answers where an interrogatory or request was objected to). As presently plead, the Court denies the motion. The Court notes that the defendants have represented to the Court that they "are trying to gather additional information to respond to the information they believe [Nachbar] is requesting." If,

---

[3] To be clear, the Court is not stating that the allegations have been proven by Nachbar. Nor is the Court making any findings on credibility with regard to the accusations being levied in the parties' respective pleadings.

after such supplementation, Nachbar is still dissatisfied with the thoroughness of the defendants' responses, she may again consider a motion to compel. However, Nachbar is directed to the Federal Rules of Civil Procedure which specifically provide:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. <u>The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action</u>.

FED. R. CIV. P. 37(a)(1) (*emphasis added*). The Local Rules of this Court further elaborate on the highlighted requirement:

> Except when authorized by an order of the Court, the Court will not entertain any discovery motions, until the following requirements have been satisfied:
>
> 1. Counsel for the moving party has in good faith conferred or attempted to confer by telephone or in person with opposing counsel concerning the matter prior to the filing of the motion. Merely writing a demand letter is not sufficient. Counsel for the moving party shall certify compliance with this rule in any discovery motion. . . .; and
>
> 2. If the issues remain unresolved after the attorneys have conferred in person or by telephone, counsel shall arrange with the Court for an immediate telephone conference with the judge and opposing counsel. No written discovery motion shall be filed until this telephone conference has been held.

W.D. MO.. LOC. R. 37.1. While the Court acknowledges Nachbar's status as a *pro se* litigant, it will require Nachbar to comply with these Rules with regard to all future discovery motions.

Finally, the Court addresses the motion filed herein by the defendants seeking appointment of a magistrate as special master to oversee the completion of Nachbar's deposition. The motion is denied in part. As noted by one district court:

> The use of a special master in this district for the purpose of discovery management is an extraordinary event, occurring perhaps once a decade.

*Mercer v. Gerry Baby Products Co.*, 160 F.R.D. 576, 579 (S.D. Iowa 1995). While it is clear that the parties are engaged in contentious litigation, it does not arise to the level of requiring the appointment of special master. However, the parties are instructed to coordinate with chambers staff to when the continuation of Nachbar's deposition will take place so as to ensure that the Court will be available by telephone to address any serious and meaningful disputes that may arise during the course of said deposition.

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the *Motion for Sanctions Against The Law Firm Keck and Austin For Harassment And Intimidation of A Witness In a Deposition And Telephone Harassing Of Plaintiff Or Motion To Dismiss Counterclaim Plaintiff's Counterclaim Abuse of Process* [Doc. 39] filed June 21, 2013. It is further

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice. It is further

**ORDERED** that the *Motion to Compel*, filed July 8, 2013 [Doc. 44] is **MOOT**. It is further

**ORDERED** that the *Motion to Change The Name On Interrogatory Number 3 on Plaintiff's First Interrogatories To Defendants and Request For Documents,* filed July 8, 2013 [Doc. 45] is **GRANTED**. It is further

**ORDERED** that the *Motion For Appointment Of Magistrate Or Special Master,* filed July 12, 2013 [Doc. 48] is **DENIED**. However, when scheduling the continuation of plaintiff's deposition, the parties shall contact chambers Judicial Assistant, Sandy Rollheiser at 816 512-5745 to coordinate a date when the undersigned can be available by phone to address any legitimate, serious and meaningful disputes that may arise during the course of said deposition. It is further

**ORDERED** that the *Plaintiff's Motion to Compel Responsive Answers To Plaintiff's First Set Of Interrogatories And Production Of Documents And/Or Sanctions Against Sheriff Defendants,* filed July 15, 2013 [Doc. 49] is **DENIED**. It is further

**ORDERED** that the *Request For Hearing,* filed November 5, 2013 [Doc. 68] is **DENIED**.

    */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**